# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:22-CR-00013-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Spenc'r Denard Rickerson, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant Spenc'r Denard Rickerson's Motion in Limine and Motion for a Separate Trial. (Doc. Nos. 27, 28). Having carefully considered the parties' briefs and exhibits, the Court will deny both motions.

## I. DISCUSSION

a. <u>Motion for Separate Trials (Doc. No. 27).</u>

Rickerson moves, under Federal Rules of Criminal Procedure 8(a) and 14(a), to sever the trial of offenses contained in the Indictment. Count one of the Indictment alleges bank robbery in violation of 18 U.S.C. §2113, while counts two and three allege a wire fraud scheme in violation of 18 U.S.C. § 1343 and aggravated identity theft in violation of 18 U.S.C. § 1028A. *See* Doc. No. 19. Rickerson argues that count one is separate and distinct from counts two and three and therefore it should be tried separately. The Court disagrees.

Under Federal Rule of Criminal Procedure 8(a), multiple offenses may be joined in the same indictment if they are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The Fourth Circuit has interpreted the second and third alternative prongs of this rule "flexibly, requiring that

1

the joined offenses have a logical relationship to one another." *United States v. McLaurin*, 764 F.3d 372, 385 (4th Cir. 2014) ( citing *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005)). "Such a relationship exists when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." *Cardwell*, 433 F.3d at 385 (citing 1A Charles Alan Wright, *Federal Practice and Procedure* § 143 (3d ed.1999) (noting that joinder is permitted where "the events pertaining to each [crime are] inextricably tied to the others.")).

Here, the offenses are properly joined under Rule 8(a). The investigation into Rickerson's finances and his alleged need for funds is evidence of motive in the bank robbery case and is also relevant to and intertwined with the fraud offenses. Moreover, the United States maintains that many of the exhibits and witnesses in the case overlap and if Rickerson were to testify in the bank robbery trial the United States would likely need to ask him questions that implicate his alleged fraud. Therefore, these counts have a logical relationship to each other, and trying these counts separately would paint an incomplete picture of Rickerson's alleged criminal enterprise. *See e.g.*, *United States v. Cooper*, 134 F.3d 364 (4th Cir. 1998) (unpublished) (holding bankruptcy fraud and bank robbery charges were not improperly joined because the offenses involved a common scheme and there was significant overlap in evidence regarding the defendant's motive.).

Having found the offenses properly joined, the Court may, under Federal Rule of Criminal Procedure 14, nonetheless sever the trials if "a consolidation for trial appears to prejudice a defendant." Fed. R. Crim. P. 14(a). "Where offenses are properly joined under Rule 8(a), severance of the offenses is rare." *United States v. Hornsby*, 666 F.3d 296, 309 (4th Cir. 2012). A properly joined claim should only be severed if there is a serious risk that trying the counts together would prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The burden is on the defendant to prove joinder is "so manifestly

prejudicial that it outweigh[s] the [dominant] concern with judicial economy." *United States v. Acker*, 52 F.3d 509, 514 (4th Cir. 1995) (citing *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980)). Rickerson states that there is a risk "that the jury may improperly conclude that based merely on the alleged fraudulent conduct, the Defendant also committed the bank robbery." *See* Doc. No. 27. However, this is insufficient to show that joinder is "manifestly" prejudicial.

Courts have long acknowledged "that evidence of other crimes of the defendant is ordinarily inadmissible in a criminal trial, except in limited circumstances and for limited purposes, because the minds of jurors could be influenced against the accused to a degree out of proportion to the probative value of the evidence." *See United States v. Jamar*, 561 F.2d 1103, 1106 (4th Cir.1977). Therefore there is always a danger in joining different offenses for trial in a single indictment. *Id.* "However, if the evidence of all the joined crimes would be mutually admissible for legitimate purposes in separate trials for each offense (assuming no joinder), the possibilities of prejudice from the fact of joinder no longer present themselves so forcefully. *Id* (citing *United States v. Sweig*, 441 F.2d 114 (2d Cir. 1971), cert. den., 403 U.S. 932, 91 S.Ct. 2256, 29 L.Ed.2d 711 (1971); *Robinson v. United States*, 148 U.S.App.D.C. 58, 459 F.2d 847 (1972)).

Here, the substantial overlap of the evidence diminishes any alleged prejudice to Rickerson. As noted above, much of the evidence is relevant to both the bank robbery and fraud counts and thus would be admissible at both trials. Moreover, the Court will, as it always does, instruct the jury to consider each count separately.

In sum, the Court will deny Rickerson's Motion for Separate Trials because the counts were properly joined and Rickerson has failed to show that joinder would be so manifestly prejudicial that it outweighs the dominant concern of judicial economy.

3

b. <u>Motion in Limine (Doc. No. 28).</u>

Rickerson moves pursuant to Rules 401, 403 and 404(b) of the Federal Rules of Evidence, to preclude the United States from introducing all evidence, references to evidence, testimony or argument related to Rickerson's prior criminal conviction. The United States agrees that Rickerson's prior Indictment and conviction would not ordinarily be admissible. However, it maintains that because he is charged with filing false loan applications and because one of the false statements on the loan applications related to Rickerson's criminal history, his prior Indictment is relevant evidence in this case necessary to prove an element of the offense. The Court agrees.

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The United States "may not introduce evidence of extrinsic offenses to demonstrate the defendant's propensity to commit unlawful acts or to prove that the defendant committed the crime with which he is presently charged." *United States v. Powers*, 59 F.3d 1460, 1464 (4th Cir. 1995) (internal quotation marks omitted).

Although "other acts" evidence is not admissible to prove criminal propensity, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). As the plain language of the rule suggests, this list of proper purposes is not exhaustive. *United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017). However, to constitute a proper purpose, "there must be some articulable inference for the jury to draw from the previous offense other than that the defendant had [a] bad character and therefore more probably had the intent to commit the crime he is now charged with." Id (citing *United States v. Lynn*, 856 F.2d 430, 436 (1st Cir. 1988)).

4

The United States bears the burden of establishing that evidence of a defendant's prior bad act is admissible for a proper purpose. *Id*. To satisfy this burden, the United States must identify the proper purpose for which it will use the other acts evidence and explain how that evidence "fits into a chain of inferences—a chain that connects the evidence to [each] proper purpose, no link of which is a forbidden propensity inference." *Id*.

In *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997), the Fourth Circuit established a four-step test for determining when evidence of prior bad acts is admissible under Rule 404(b). First, "[t]he evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant." *Id*. Second, "[t]he act must be necessary in the sense that it is probative of an essential claim or an element of the offense." *Id*. Third, "[t]he evidence must be reliable." *Id*. And fourth, "the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process." *Id*.

The Court finds that the United States has met its burden. Both the Economic Injury Disaster Loan applications and the Paycheck Protection Program applications require an applicant to answer a question regarding whether the applicant is currently subject to an Indictment, Arraignment, or other formal charges. Rickerson answered "no" on his applications. Consequently, Rickerson's criminal history is relevant and necessary evidence to the crimes charged (i.e. Fraud) and is not being introduced to establish his general character. In addition, the evidence is reliable and, while by its nature prejudicial to Rickerson, it will not subordinate reason to emotion in the factfinding process.

The Court therefore will deny Rickerson's motion and absent a stipulation will allow a redacted version of Rickerson's prior Indictment. Furthermore, the Court will offer a cautionary instruction at the appropriate time.

**SO ORDERED**

Signed: October 18, 2022

Kenneth D. Bell
United States District Judge